UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

| | |
|---|---|
| CLAUDE JOSEPH NOLETTO, JR., and TERRY LYNN NOLETTO, | CV-02-0326-BH-M<br>Case No. 98-13813-MAM<br>Chapter 13 |
| Debtors. | |

CLAUDE JOSEPH NOLETTO, JR.,
and TERRY LYNN NOLETTO,

    Plaintiffs,

                                                                      Adversary No. 99-1120-MAM

NATIONSBANC MORTGAGE
CORPORATION,

    Defendant.

**PLAINTIFFS' MOTION FOR APPROVAL
OF FINAL SETTLEMENT AND BRIEF IN SUPPORT THEREOF**

      Come now Plaintiffs, by and through the undersigned attorneys, and both individually and behalf of class which they represent, move this Court to approve the settlement of this action pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and as grounds therefor show as follows:

**I.    INTRODUCTION**

      This settlement is a culmination of over three (3) years of litigation involving the practice of the Defendant in assessing attorney fees in connection with Chapter 13 bankruptcies filed by members of the class. The practice of the Defendant in assessing attorneys fees on proofs of claim

filed in connection with each class member's bankruptcy was challenged by the filing of the initial complaint in this action. That complaint sought a determination that attorneys representing the creditor must file a Bankruptcy Rule 2016 fee application to recover proof of claim fees, and that adding the attorney fees to the proof of claim without prior court approval was impermissible.

From the outset of the litigation, Plaintiffs' goal was to cause the expungement and/or refund of the attorneys fee charged to each individual class member. The lawsuit sought a return of that disputed amount, and/or a credit to the mortgage so that the class member would receive full credit for all amounts paid.

Less than two (2) months before trial, the parties reached a settlement in principle. A formal settlement document was then prepared and presented to the Court.

The settlement divides the class into two groups, those whose proof of claim fee was adequately disclosed as a Bankruptcy Fee or Bankruptcy Attorneys Fee, and those where the fee was not so disclosed. Pursuant to the settlement, the nondisclosure subclass shall receive an amount equal to 80% of the charged fee. The disclosure subclass will receive an amount equal to 26.8% of the charged fee. Those members of the class with active loans with the Defendant will receive the class benefit with no further action on their part. Those class members without active loans are required to submit a claim form to receive the settlement benefits. In addition, the Defendant agreed to change its practice in the future regarding disclosure of the attorneys fee.

This court issued preliminary approval of the settlement on May 8, 2002. Notice was provided to class members both individually and pursuant to publication in USA Today. As of the date of the deadline for objections and requests for exclusion, no class members filed objections to the settlement and only 5 members requested exclusion. Plaintiffs now seek an order of this Court giving final approval to the settlement, and effectuating its terms.

2

## II. STANDARDS FOR CLASS ACTION SETTLEMENT APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure requires the parties to obtain judicial approval of all class action settlements, but does not provide the standards for the approval of a settlement. Decisional law has established that the cardinal rule in evaluating a settlement is that the court must find that the settlement is "fair, adequate, reasonable and not the product of collusion." Leverso v. SouthTrust Bank, 18 F.3d 1527, 1530 (11th Cir. 1994).

In deciding whether there is good cause to approve a settlement, the Court must determine that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible recovery.

In order to aid the trial court in its determination the Eleventh Circuit has outlined several factors useful in making the determination of fairness in approving a settlement. In determining whether the settlement meets this goal at a fairness hearing, a court must examine the following: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and duration of the litigation; (iii) the stage of proceedings and the amount of discovery completed; (iv) the probability of plaintiffs' success on the merits; (v) the range of possible recovery; (vi) the opinions of class counsel, class representatives, and absent class members. Leverso, 18 F.3d at 1530; Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984); See, also Holmes v. Continental Can Co., 706 F.2d 982, 986 (5th Cir. 1983); In re Corrugated Container Antitrust Litigation, 643 F.2d 195, 213 (5th Cir. 1981).

Judicial evaluation is guided by public policy, which strongly favors the pretrial settlement of class action lawsuits. See, e.g., In re U.S. Oil and Gas Litigation, 967 F.2d 489, 493 (11th Cir.

1992). The Court's "judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." Bennett, 737 F.2d at 986; United States v. City of Miami, 614 F.2d 1322, 1344 (5th Cir. 1980)). This judicial policy favoring settlements is particularly important in the context of class actions. In re Oil and Gas, 967 F.2d at 493.

Examination of the pertinent factors supports the approval of the instant settlement. The court may rely on the opinions of class counsel about the agreement's fairness and adequacy. Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977); Austin v. Hopper, 28 F.Supp. 2d 1231, 1237 (M.D. Ala. 1998). Class counsel fully supports the settlement reached herein.

### A.  *The Existence of Fraud or Collusion*

There is no evidence before the Court that fraud or collusion is a factor in this settlement. To the contrary, counsel have candidly described the settlement negotiations in their pleadings. Moreover, the fact that the settlement occurred shortly before trial, after long and contentious litigation, evidences that the settlement was the result of rigorous arms-length bargaining among the parties. (See Affidavit of Steve Olen filed herein). The issue of attorneys fees was negotiated after the class benefits were largely determined, and the amount of such fees are to be paid from the class benefit, subject to this Court's approval. Id. See In re General Motors Corp., 55 F.3d 768 (3rd Cir. 1995); In re Fort Motor Co. Bronco II Lit., 1995 WL 222177 (E.D. La. 1995) ("Separate negotiation of the class settlement before an agreement on fees is generally preferable to avoid conflicts of interest between the attorneys and the class.")

### B.  *Complexity, Expense and Duration of the Case*

Complex litigation — like the instant case — can occupy a court's docket for years, depleting the resources of the parties. Cotton v. Hinton, 559 F. 2d 1326, 1331 (5th Cir. 1977). For this reason, "public policy strongly favors the pretrial settlement of class action lawsuits." In re U.S. Oil and Gas Litigation, 967 F.2d 489, 493 (11th Cir. 1992).

This settlement is the result of litigation over three (3) years, and after a fully contested certification hearing. The length of time necessary to reach a final result would have occupied many more months of judicial resources and attorney time. The amount of time that the various counsel have invested in this case is significant. (See Motion and Memorandum in Support of Attorneys Fees and Reimbursement of Costs filed contemporaneously hereto.) The pleadings and briefs already filed in this Court demonstrate that this case has been and would continue to be difficult and expensive to resolve. Settlement of this action is in the best interests of judicial economy and the Settlement Class.

### C. *The stage of proceedings and the amount of discovery completed*

This settlement was reached and proposed late in the stage of the proceedings. All of the discovery involved in this matter was completed. The parties were preparing for trial. The parties were in an excellent position to assess the respective weaknesses and strengths of the claims and this Court has a sound basis to judge whether the settlement is fair at this stage in the proceedings. See Behrens v. Wometco Enterprises, Inc., 118 F.R.D. 534, 544 (S.D. Fla. 1988); In re Combustion, Inc., 968 F.Supp. 1116, 1127 (W.D. La. 1997).

### D. *Probability of Plaintiffs' Success on the Merits*

Probability of success and the range of possible recovery are the most important factors in

5

Case 99-01120    Doc 174    Filed 10/07/02    Entered 10/07/02 10:50:43    Desc Main
Document      Page 5 of 11

determining if a settlement is reasonable. Campo v. I.N.S., 1999 WL 1084233 (S.D. Fla. 1999). In weighing this factor, the trial court does not have "the right or duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute." Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977)(citing City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974)). Rather, judicial evaluation of a proposed settlement of a class action involves a limited inquiry into whether the possible awards of litigation with its risks and costs are outweighed by the benefits of the settlement. See Grinnell Corp., 495 F.2d at 462. "The court is only called upon to consider and weigh the nature of the claim, the possible defenses, the situation of the parties, and the exercise of business judgment in determining whether the proposed settlement is reasonable." Grinnell Corp., 495 F.2d at 462. Moreover:

> The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, "It has been held proper to take the bird in the hand instead of a prospective bird in the bush."

Oppenlander v. Standard Oil Co., 64 F.R.D. 597, 624 (D.Colo. 1974). In most situations, unless the settlement is "clearly inadequate, its acceptance and approval are preferable to a lengthy and expensive litigation with uncertain results." Newberg on Class Actions § 11.50 (1992).

Plaintiffs firmly stand behind their Complaint and assert that their claims in this action are meritorious. However, the Plaintiffs recognize that the complexities and uncertainties characteristic of this type of litigation, and the sharply contested issues apparent to date, create substantial risks for the class. The proposed settlements resolve these uncertainties for the Settlement Class members and the defendants.

Decisions by the Bankruptcy Court issued after this settlement was reached shed some light

6

on the strength of Plaintiffs' claims. Under the analysis in Powe v. Chrysler Financial, 278 B.R. 539 (Bankr. S.D. Ala. 2002), Nationsbanc may have prevailed on the claims of class members were there was disclosure. For those class members where there was nondisclosure, recovery of 80% of the charged fee is certainly a reasonable result in settlement of the claim. Of course, when the parties settled this case, Powe was not yet decided. The parties properly elected to quantify their risks and benefits by this settlement. While Plaintiffs believe they would have prevailed on the merits, they recognize the significant risks attached to the litigation, not only at the trial court level, but on review by the district court and/or further appellate review.

### E. *The range of possible recovery*

Settlements, by definition, are compromises which "need not satisfy every concern of [the] plaintiff class, but may fall anywhere within a broad range of upper and lower limits." Alliance to End Repression v. City of Chicago, 561 F.Supp. 537, 548 (N.D. Ill. 1982).

The range of recovery to the class had this case proceeded to trial was generally between -0- and a compensatory award up to the amount of the fee charged, generally $125.00. The credit or payment of either 26.8% or 80% of the fee per class member is significant in light of the facts of the case. When the risks of non-recovery are weighed, the settlement is clearly within the permissible range. See Behrens, 118 F.R.D. at 543 (settlements as low as 3 - 5% of damages allowed).

### F. *The opinions of the class counsel, class representatives and absent class members.*

There are an estimated 18,674 Settlement Class members. Of the members of the Settlement Class, 5 persons have opted out of the settlement, and no separate objections have been filed. A settlement can be fair even where (unlike here) there is a large number of objectors. Bennett v.

7

Behring Corp., 737 F.2d 982, 988 (11th Cir. 1984); Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157, 1217 (5th Cir. 1978).

Class counsel fully endorse the settlement as being fair and reasonable for the class. See Affidavit of Steve Olen filed herein. No party has suggested otherwise, and the fact that so few members of the class have opted out is a strong indication of the strength of the settlement. The settlement provides meaningful relief to the class and is due to be approved.

### III. THE SETTLEMENT CLASS AND THE REQUIREMENTS OF RULE 23

The Bankruptcy Court has conducted a contested class certification hearing and certified a class in this matter. The settlement class is slightly different, and is designed to encompass a broader group of potential claimants to reach a final resolution of this matter. Settlement "classes are well recognized and approved. Such settlement classes facilitate global settlements." Manual for Complex Litigation (Third) § 30.45.

Federal Civil Procedure Rule 23(a) enumerates the following four basic prerequisites that must be established before any action may be maintained as a class action: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims of the representative parties must be typical of the claims of the class; and (4) the representative parties must be able to fairly and adequately protect the interests of the class. The Bankruptcy Court had previously specifically found each of the elements of Rule 23(a) were met, and that finding applies to the Settlement Class as well.

In addition, all of the proposed settlement class is a rule 23(b)(3) opt-out class, which provides that the class may be certified if the Court finds that: the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and

8

that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

There are two subparts that must be met in order to certify a Rule 23(b)(3) class properly: first, the court must find that common questions among the class predominate over any questions affecting only individual members; and second, bringing the case as a class action is the superior method of adjudicating the matter. Fed. R. Civ. P. 23(b)(3), Newberg on Class Actions § 4-23 (3d ed. 1992).

The concept of judicial efficiency is considered a central component of the test of predominance. Newberg on Class Actions § 4.25 at 4-81. However, the general manner to define the predominance test is to state what the test is not meant to do. Newberg on Class Actions § 4.25 at 4-81 to 4-86. For example, the test is not meant to require that "common issues . . . be dispositive of the controversy or even be determinative of liability." Id. at 4-82. The test is not to be a comparison of the court time of disposing of the common questions versus the court time involved in disposing of individual issues. Id. at 4-84. Nor is the test intended to be a "numerical test" between the number of individual issues and the number of common questions. Id. at 4-84.

Rule 23(b) specifies four non-exclusive factors that may be considered in evaluating the superiority issue: (a) the interest of individual control by class members, (b) the existence of other litigation, (c) the effect of concentrating the litigation in the particular forum, and (d) the difficulties in management of the action that can be anticipated. These factors are easily met by this settlement class: (i) any individual who wishes to exert control over his or her claim may simply opt-out and pursue an individual case; (ii) all of the litigation is being resolved the settlements pending here, (iii) manageability at trial is not an issue for a settlement class.

9

## IV. CONCLUSION

When applying the factors approved by the Eleventh Circuit to the proposed settlement, it is clear that the settlement is within the possible range of recovery, the risks of continued litigation are outweighed by the benefits of the settlement, and the best notice practicable under the circumstances was given to the class. Further, the proposed Settlement Class meets the requirements of Rule 23. For these reasons, the Court should approve the Settlement Agreement as fair, reasonable, adequate and in the best interests of the class.

OLEN, NICHOLAS & COPELAND P.C.
P.O. BOX 1826
MOBILE, ALABAMA 36633

_/s/_____
STEVE OLEN   (OLENS7621)


 /s/_____
STEVEN L. NICHOLAS (NICHS2021)

CABANISS, JOHNSTON, GARDNER,
DUMAS & O'NEAL
P.O. Box 2906
Mobile, Alabama 36652
334-433-6961

    /s/_____
BENJAMEN T. ROWE (ROWEB9251)


    /s/_____
DONALD J. STEWART (STEWD1116)

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this the 4th day of October , 2002, served a copy of the foregoing pleading on all counsel listed below by mailing same by United States Mail, properly addressed, and first class postage prepaid.

Jeffery J. Hartley
Helmsing, Leach, Herlong
   Newman & Rouse P.C.
150 Government Street
Suite 2000
Mobile, Alabama 36602


John H. Culver, III
Kennedy, Covington,
   Lobdell & Hickman
100 North Tryon St., STE 4200
Charlotte, NC 28202-4006

    /s/_____
STEVE OLEN



F:\wp60\brenda\Bankruptcy Adv Cases\Noletto-Fair-Mathis\approve-settlement.wpd