UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

CLAUDE JOSEPH NOLETTO, JR.,       CV-02-0326-BH-M
and TERRY LYNN NOLETTO,          Case No. 98-13813-MAM
                                                Chapter 13

    Debtors.

_____

CLAUDE JOSEPH NOLETTO, JR.,
and TERRY LYNN NOLETTO,

    Plaintiffs,

                                                      Adversary No. 99-1120-MAM

NATIONSBANC MORTGAGE
CORPORATION,

    Defendant.

## RECOMMENDATION APPROVING SETTLEMENT

      This cause is before the Court pursuant to the District Court's Order preliminarily approving the proposed settlement in the case, and setting a hearing, pursuant to Rule 7023 of the Bankruptcy Rules of Procedure and Rule 23(e) of the Federal Rules of Civil Procedure, to review and determine the merits of any objection to the settlement, determine whether to approve the settlement as fair and reasonable, adequate and in the best interest of the certified class, grant a fee award and reimbursement of expenses to class counsel, and to determine such other matters as may be appropriate. That Order directed the undersigned to make a recommendation regarding the above matters. The Court conducted a hearing on October 8, 2002 jointly with Senior United States District Judge W. Brevard Hand.

The Court, having considered the Motion for Approval of Final Settlement and noting the lack of written objections to the settlement, the evidence presented at, as well as prior to, the Fairness Hearing, argument of counsel, pertinent portions of the record, and otherwise being fully advised in the premises, HEREBY RECOMMENDS that the motion to approve the settlement be granted, the class as set forth in the settlement agreement be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and Rule 7023 of the Federal Rules of Bankruptcy Procedure, and the proposed settlement agreement be approved.

A. **History of the Litigation.**

On June 24, 1999, the Noletto plaintiffs, on behalf of themselves and all other similarly situated persons, filed a class action complaint against the Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure as incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure. The complaint alleged that the Defendant violated various sections of the bankruptcy code by failing to obtain specific court approval for attorneys fees assessed against Chapter 13 debtors in connection with filing a proof of claim in the bankruptcy debtor's case. Defendant Nationsbanc answered the complaint and denied that it had violated any applicable law. Throughout the litigation and settlement process, Nationsbanc has vigorously denied any violation of bankruptcy laws.

Plaintiff commenced discovery regarding class certification and took numerous depositions and obtained copies of thousands of documents. On November 1, 2000, the Bankruptcy Court heard Defendant Nationsbanc's motion for summary judgment, and on December 29, 2000, granted the motion as to the named Noletto plaintiffs, but did not dismiss the case. On November 1, 2000, the Bankruptcy Court conducted a hearing on Plaintiffs' Motion for Class Certification, and on

2

December 29, 2000, entered an order certifying this action as a Rule 23(b)(2) class action if an appropriate class member intervened. On January 19, 2001, plaintiff Fair moved to intervene, which he was allowed to do by order dated May, 14, 2001. Plaintiff Mathis moved to intervene on June 26, 2001, and her motion was granted by order dated August 22, 2001. The Court reaffirmed its certification of a class in this matter on July 25, 2001.

Throughout all of the pretrial phases of the litigation, counsel for the Defendant mounted a vigorous defense of this action. Likewise, Class Counsel vigorously prosecuted this action. The Court conducted numerous hearings on this matter and is very familiar with the litigation and the position of the parties. This matter was set for trial on February 4, 2002. Prior to trial, the parties announced that they had entered into a settlement in principle. On May 2, 2002, the Plaintiffs submitted a motion for preliminary approval of the Stipulation and Agreement of Compromise (the "Stipulation" or the "Settlement") which had been executed by the parties.

The settlement provides to each class member the opportunity to receive a refund or a credit of a portion of the disputed fee. Class members whose proof of claim fee was disclosed on the proof of claim as a "Bankruptcy Fee" or "Bankruptcy Attorney Fee" or similar words that very specifically claim and identify the fee receive a sum equal to 26.8% of the charge. Class members whose proof of claim fee was not so disclosed, or not disclosed at all, receive 80% of the fee. If the class member has an active loan with Defendant, the class member receives the class benefit without any additional steps. If the loan is no longer active, the class member was obligated to file a claim form to receive the class benefit. Additionally, the Defendant agreed to disclose the existence and character of the proof of claim fee in the future in accordance with the terms of the Stipulation.

3

The Settlement calls for the certification of a class pursuant to Rule 23(b)(2) and 23(b)(3) as follows:

> All persons whose residential mortgage loan was serviced by NationsBanc Mortgage Corp., B.A. Mortgage, LLC, Bank of America, N.A., or any affiliate thereof (collectively referred to in this Notice as "NationsBanc") at any time after January 1, 1994, (i) while the person was a debtor in a Chapter 13 bankruptcy case, or (ii) while the person's residential mortgage loan was subject to or involved in a Chapter 13 bankruptcy case filed by a co-obligor, or (iii) while the person's residential mortgage loan account was assessed, contained or reflected a attorney's or other fee in connection with the preparation, filing, amending or prosecution of a proof of claim (a "Bankruptcy Fee") in connection with a Chapter 13 Bankruptcy Case or in a Chapter 13 bankruptcy filed before NationsBanc serviced the Loan; provided that any individual whose Chapter 13 bankruptcy case was pending in the United States Bankruptcy Court for the Western District of North Carolina shall be excluded from the Settlement Class.

This action was first certified as a Rule 23(b)(2) class action after a contested certification hearing. The settlement agreement calls for certification also pursuant to Rule 23(b)(3) and allowing for notice and the opportunity to opt out. The certification of a settlement class is appropriate in this case. For the reasons set forth in the Court's order granting certification in this matter, the requirements of Rule 23(a) are satisfied. In addition, the requirements of Rule 23(b)(3) are also satisfied. The Court finds that the questions of law and fact are common to members of the class, and that these common questions predominate over any questions affecting only the individual members of the class, and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The court further incorporates all of its findings as set forth in the earlier class certification order entered in this action.

Members of the class were properly notified of the existence of this litigation, the settlement, the date and time of the Fairness Hearing, and the opportunity of the class members to opt out of this litigation and settlement. Notice was accomplished by mailing a court approved notice to persons on the Class Member List and publishing a summary notice of the pending action and settlement

4

agreement in USA Today. The Court specifically finds that notice was provided in the best practicable manner. The efforts to provide notice in this case meet or exceed the requirements of Federal Rules of Civil Procedure 23(e).

**B. The Proposed Settlement Should Be Approved.**

It is well established that there is a public interest in favor of settlement, particularly in class actions that involve complex issues. Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977). In analyzing a proposed settlement, the settlement should be approved so long as it is fair, adequate and reasonable and is not the product of collusion between the parties. Leverso v. SouthTrust Bank, 18 F.3d 1527, 1530 (11th Cir. 1994); Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).

In determining whether the settlement is fair, adequate and reasonable, the Eleventh Circuit has established criteria which the court should consider in determining whether to approve the settlement. Those factors are (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and duration of the litigation, (3) the stage of proceedings and amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and other class members. Leverso, 18 F.3d 1530; Bennett, 737 F.2d 986.

In evaluating these considerations, the Court should not try the case on the merits. Cotton, 559 F.2d at 1330. Rather, the Court should rely on the judgment of experienced counsel, and absent fraud "should be hesitant to substitute its own judgment for that of counsel." Id.

The primary purpose of the litigation was to return to the class members the amount of the disputed attorneys fee charged or assessed to each class member. The settlement agreement fulfills that purpose by returning an adequate percentage of the disputed fees to the class members.

5

Each of the factors set forth by the Eleventh Circuit in evaluating the settlement are met or exceeded in this case. There is no evidence of fraud or collusion, and this Court is particularly familiar with the conduct of this litigation from its beginning. The litigation has been vigorously prosecuted on both sides, and there is no evidence of any potential collusion. The complexity, expense and duration of the litigation has been great, and the fact that the litigation was not settled until less than two (2) months before trial is significant. All discovery in the litigation was completed, and there was a thorough and complete examination into the practices of the Defendant prior to settlement. The likelihood of success on the merits and range of possible recovery also favors the settlement in this action. The settlement provides a meaningful percentage of the probable recovery in the case, and should be approved. The fact that no class member has objected to the settlement also demonstrates the adequacy and fairness of the Settlement.

### C. Attorneys Fee Award.

Class counsel has petitioned this Court to approve an attorneys fee of 30% of the value of the settlement and reimbursement of expenses. It is clear that the settlement of this action constitutes a common fund settlement such that the counsel representing the class are entitled to a fee under the common benefit doctrine. As established by the Eleventh Circuit in Camden I Condominium Assoc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991), it is appropriate to determine the amount of the attorneys fee to be awarded to class counsel based on a percentage of the fund. Further, it is also appropriate for the Court to award a percentage of the fund to class counsel to be divided among them pursuant to their agreement. See Longden v. Sunderman, 979 F.2d 1895 (5th Cir. 1992); Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301 (9th Cir. 1990); In re Catfish Antitrust Litigation, 939 F. Supp 493 (N.D. Miss. 1996).

The Court is intimately familiar with the substantial risks, expense, and success of class counsel in prosecuting this matter. The Court concludes that a fee award constituting 30% of the value of the settlement is reasonable, and recommends that the requested fee be approved.

The Court in <u>Camden I</u> directed that fee awards between 20 to 30% of the common fund should be a benchmark, adjusted by the trial court in accordance with the individual circumstances of each case. The request for 30% of the settlement benefit for the payment of attorney fees is reasonable under the circumstances of this case. The parties shall calculate the amount of the fee based on the final review of Defendant's files and pay the fee to counsel for the Class. The counsel for the class has documented out of pocket expenses in the amount of $23,866.37. These out of pocket expenses are reasonable, and should be reimbursed. In addition, NationsBanc agreed to change the manner in which it disclosed the existence of any assessed attorneys fee in the future. The attorneys fee requested in this matter is reasonable without placing any value on NationsBanc's agreement regarding future disclosure.

The <u>Camden I</u> court also directed that the trial court should review the factors as set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds, <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989), to test the percentage of the common fund selected as a reasonable attorneys fee. In reviewing the <u>Johnson</u> factors, the Court finds that the requested fee is reasonable.

**1. <u>Time and Labor Required.</u>**

The Court is very familiar with the factual and legal complexities of this case. Class counsel reasonably expended substantial time in the pursuit of this litigation and the claims of the class. While a portion of the time spent in prosecuting this matter was also beneficial to the other class

7

actions pending before this Court, it is clear the time spent in the prosecution of this action was great. The Court is well aware that this matter was hotly contested throughout each stage of the proceeding, including a contested certification hearing, which resulted in the Court certifying this action as a class action. As a result, there were numerous complex factual and legal issues which arose during the course of this litigation. Also, the vigorous defense afforded by opposing counsel required class counsel to expend significant time in the prosecution of this action.

If the Court were setting the fee based on time alone, class counsel would be entitled to an enhancement based on the risks involved and the result. Courts in common fund cases "regularly award multiples of 2 to 3 times lodestar in attorney's fees to reflect the quality of work performed and the risks undertaken." Ressler v. Jacobson, 149 F.R.D. 651, 653 n.4 (M.D. Fla. 1992). The bar against contingent fee enhancements of the lodestar does not apply in common fund cases. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 (9th Cir. 2002).

**2. Novelty and Difficulty of the Questions Involved.**

The issues presented in this matter, both procedurally and factually, involved questions of first impression both in this district, and throughout the United States. The novelty and difficulty of the issues involved justifies a significant percentage of the fund to be awarded as a fee.

**3. The Skill Requisite to Perform the Legal Services Properly.**

The favorable resolution of this litigation against a well financed and skilled Defendant in the manner in which it has been resolved, and the time frame it took to do so, could not have been accomplished without a significant degree of skill in both advocacy and negotiation. In assessing quality, the Court may consider the quality of the opposition as well as the study of plaintiffs' counsel. Ressler, 149 F.R.D. at 654. The opposition in this matter was well financed, and raised

8

significant arguments in defense of this case. The result obtained is very favorable in light of the defense, and justifies the requested fee.

**4. Preclusion of Other Employment.**

Class counsel devoted a substantial percentage of their time to this litigation, which precluded class counsel from accepting other legal employment. The time and commitment required to bring this litigation to its present state involved a substantial commitment of resources of class counsel, particularly in light of the extensive amount of time devoted to this matter and the size of counsel's law firms. Work on this matter in some instances completely absorbed days on end of each class counsel. As such, work on this matter necessarily precluded performing any other tasks.

**5. Customary Fee Charged By Class Counsel is a Contingency Rather an Hourly Rate.**

The customary fee charged by the counsel in this jurisdiction in this type of case is forty (40%) percent. It is doubtful that any of the individual class members would have been in a position to pursue their claim anywhere in the country on a lesser percentage contingency contract. It is highly unlikely that any class counsel would have agreed to accept this case on an hourly rate.

**6. Whether the Fee Is Fixed or Contingent.**

The risk involved and the fact that class counsel took this case on a contingency fee basis should be a substantial factor in determining the percentage of the fund which would be a reasonable fee. There are a significant number of cases recognizing the risk taken by class counsel in such a case, and justifying fee enhancements on this basis.

The risk faced by class counsel in this litigation is readily apparent. Despite the possibility of never receiving any compensation nor reimbursement for expenses advanced in this litigation,

counsel remained committed to obtain a fair and just result for the class. The risk of non-recovery in this case was great.

The fee in a class action is necessarily contingent, since in general no individual plaintiff has a large enough monetary stake in the litigation to justify charging on an hourly basis. Ressler, 149 F.R.D. at 654. Any fee to be recovered as compensation by class counsel in this matter was contingent upon receiving a recovery for the class. Class counsel has borne the entire risk of failing to achieve a successful and substantial result for the class, including expending significant funds for expense from their own resources. Notwithstanding the vigorous and competent efforts of counsel, success in this litigation was never assured. A significant enhancement of the lodestar amount of fee would therefore be appropriate to reflect the risk and contingent nature of this action. In applying enhancement or multiplier rates to a lodestar amount, a multiplier in the range of 2 to 3 in this litigation is reasonable. Ressler, 149 F.R.D. at 653 n.4.

### 7. The Time Limitation Imposed.

As noted above, the parties litigated this case aggressively. The Court is aware that there were very few periods of inactivity during any one point in this litigation. This Court conducted numerous scheduling conferences and status conferences to move this matter along as expeditiously as possible, and there were periods of times continuously spent on this litigation by class counsel. The time limitations justify a fee in the range requested herein.

### 8. The Amount Involved and Results Obtained.

The benefits obtained in this litigation are significant, particularly when compared to the maximum potential recovery. The settlement of this action returns a significant portion of the

contested amounts to the class members. Considering the risks of litigation, a return to the class of the agreed to amounts is substantial.

### 9. The Experience, Reputation and Ability of the Attorneys.

Each counsel for the class has significant experience in complex litigation, including the prosecution of class actions. The diverse nature of the experience of class counsel was necessary for the successful prosecution of this matter, and each member of the litigation team added significantly to the prosecution of this matter. Class counsel submits that the experience, ability and diversity of the class counsel greatly enhanced and facilitated the prosecution and resolution of this litigation. Counsel's experience was presented at the class certification proceeding and is incorporated herein.

### 10. The Undesirability of The Case.

Class counsel has not claimed any enhancement due in this matter because of the undesirability of the litigation.

### 11. The Nature and Length of The Professional Relationship With The Client.

Given the nature of the litigation, class counsel has not claimed any enhancement with regard to this factor.

### 12. Awards in Similar Cases.

The Court has previously noted the uniqueness of the factual and legal background of this case. However, the action is not without similar cases. The most prominent similar case is Conley v. Sears Roebuck & Co., 222 B.R. 181 (D. Mass. 1998), in which the class counsel was awarded a 67.5 million dollar fee which represented between 20% and 25% of the fund attributed to the efforts of the attorneys. Conley is unique in that the class counsel filed suit only after Sears had been caught

11

in its wrongdoing, and the court only credited counsel with the enhancement of the fund awarded to the class. Closer on point is Mazola v. May Department Stores, 1999 WL 1261312 (D. Mass. 1999), where the defendant contested liability through the litigation. The court approved a negotiated fee to be paid by the defendant, plus 10% of the common fund, or a total of approximately 20% of the fund. It should be noted that case followed the findings in Conley, so that the risks of the litigation were greatly reduced. In reviewing the fees awarded in other settlements of complex cases, the amount requested in this action is in line. Awards of 30% or more of a settlement fund are not uncommon. Ressler, 149 F.R.D. at 655; See also, In re U.S. Bancorp Litigation, 291 F.3d 1035 (8th Cir. 2002) (36%); In re: FPI/Agretech Securities Litigation, 105 F.3d 469 (9th Cir. 1997) (30%); Gaskill v. Gordon, 942 F. Supp. 382 (N.D.Ill. 1986) (38%); Howes v. Atkins, 668 F. Supp. 1021 (E.D. Ky. 1987) (40% of recovery); Van Gemert v. Boein Co., 516 F. Supp. 412 (E.D. N.Y. 1981) (36.2%); Clarke v. Amerada Hess Corp., 500 F. Supp. 1067, 1075 (S.D. N.Y. 1980) (30%); In re Activision Securities Litigation, 723 F. Supp. 1373 (N.D. Cal. 1989) (30%); Seiffer v. Topsy's Internat'l, Inc., 70 F.R.D. 622, 635 n.12 (D. Kan. 1976) (30% fee award "within the range of allowable fees"); In re General Instrument Securities Litigation, 209 F. Supp. 2d 423 (E.D. Pa. 2001) (33 1/3%); Neuberger v. Shapiro, 110 F. Supp. 2d 373 (E.D. Pa. 2000) (30%).

**13. Other Factors.**

In addition to the Johnson factors, there are other pertinent factors which should be considered in setting an appropriate percentage of the common fund as an attorneys fee. Those factors are (1) the time required to reach settlement; (2) whether there are any substantial objections by other class members to the settlement terms or the fees requested; (3) whether there are any non-monetary benefits conferred upon the class by the settlement; and (4) the economics involved in

Case 99-01120   Doc 177   Filed 10/16/02   Entered 10/16/02 12:19:13   Desc Main
Document      Page 12 of 15

prosecuting a class action. Walco Investments, Inc. v. Thenen, 975 F. Supp. 1468 (S.D. Fla. 1997). Each of those factors justifies the fee requested herein. As noted above, the settlement was not reached until the eve of trial. There were no objections by class members or any other party to the settlement or the attorney's fees requested herein. Finally, the time and expense devoted by class counsel in reaching the settlement is significant and justifies the award.

## INCENTIVE FEE

In addition to the fee award, the settlement requests a $2,500.00 payment to the class representatives to compensate them in this action. Incentive awards are customary in class settlements to compensate the representative for the time spent on the matter. Cook v. Niedert, 142 F.3d 1004 (7th Cir. 1998); Roberts v. Texaco, Inc., 979 F. Supp. 185 (S.D. N.Y. 1997). One of the named plaintiffs in this case was deposed, and both attended the certification hearing. The modest $2,500.00 payment, to each representative, is justified.

## CONCLUSION

Based upon the foregoing, this Court recommends that an order be entered by the United States District Court on the following terms:

1. Pursuant to Fed. R. Civ. P. 23(e), the Court recommends approval of the Settlement Agreement and incorporates and integrates the Stipulation herein. The certified class shall be as described in the Stipulation, with the exclusion of those members requesting exclusion. The list of class members requesting exclusion is attached hereto and is specifically incorporated herein.

2. In the event that Final Approval of the settlement does not occur in accordance with the terms of the Stipulation, this recommendation and any order approving the settlement should be

13

rendered null and void and be vacated upon application of any party, and the Final Order Approving Settlement shall be rendered null and void.

3. Plaintiffs' motion for payment of 30% of the common fund in attorneys fees and $23,866.37 in reimbursement of expenses should be approved, and the named Plaintiffs' requested incentive fees in the total amount of $5,000.00 should be approved.

Dated:   October 16, 2002

    /s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF BANKRUPTCY JUDGE

S:\MAM Orders\MAM Signed\99-1120ord.wpd

Noletto v. NationsBanc Mortgage Corporation
CV 02-0326-BH-1
Adv. 99-1120-MAM

# EXHIBIT A
**EXCLUSIONS**

1. Pamela L. Jones Miller
2. Tong-ya G. Manigan
3. William Krefft
4. Carol Collins
5. Ivan M. Diaz and Patricia C. Diaz